**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: January 27 2012**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 10-33375 |
| | ) | |
| Rosann M. Laker, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 11-3059 |
| | ) | |
| William L. Swope, Trustee, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Rosann M. Laker, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF DECISION AND ORDER REGARDING
CROSS MOTIONS FOR SUMMARY JUDGMENT**

This adversary proceeding is before the court on the parties' cross motions for summary judgment. [Doc. ## 11 & 12]. Plaintiff is the Trustee in Defendant/Debtor's underlying Chapter 7 case. In his complaint, the Trustee seeks an order revoking Debtor's Chapter 7 discharge pursuant to 11 U.S.C. § 727(a)(6)(A). For the following reasons, the cross motions will both be denied.

**FACTUAL BACKGROUND**

On May 14, 2010, Debtor filed her petition for relief under Chapter 7 of the Bankruptcy Code. [Case No. 10-33375, Doc. # 1].[1] On her bankruptcy Schedule B, Debtor lists personal property that includes a whole life insurance policy through American General Life with a "minimal cash surrender value" of $1,000.00. [*Id.*, Schedule B, p. 9/46]. On Schedule C, Debtor claimed that $1,000.00 as exempt under Ohio Revised Code § 2329.66(A)(2). [*Id.*, Schedule C, p. 12/46].

On August 24, 2011, the Trustee filed a motion for turnover of property in the underlying bankruptcy case, seeking an order directing Debtor to turn over the cash value as of the date of filing her petition of any life insurance policies, including the American General Life Insurance policy. [*Id.*, Doc. # 19]. Debtor did not oppose the Trustee's motion. On September 13, 2010, the court entered an order directing her to turn over the cash value of all of her life insurance policies. [*Id.*, Doc. # 23]. The Trustee has filed no objection to Debtor's claim of exemption in $1,000.00 of the cash value of that policy. The court's order of turnover thus requires Debtor to turn over the non-exempt cash value only. Debtor was granted a Chapter 7 discharge on October 20, 2010. [*Id.*, Doc. # 25].

On March 28, 2011, the Trustee filed a Complaint to Revoke Discharge of Debtor, alleging that Debtor has refused to obey the court's September 12, 2010, order of turnover. The Trustee served the summons and complaint on Debtor on May 30, 2011. As stated in the summons, the court held the initial pre-trial conference in this adversary proceeding on June 28, 2011. Debtor's attorney appeared in person at the pre-trial conference; however, there was no appearance by or on behalf of the Trustee. The Trustee has submitted an affidavit stating that he failed to appear at the pre-trial conference as a result of a failure to accurately calendar the conference.

## LAW AND ANALYSIS

I. **Summary Judgment Standard**

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, however, all inferences "must be viewed in the light

---

[1] The court takes judicial notice of the contents of its case docket and the Debtors' schedules. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it).

most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id*.

In cases such as this, where the parties have filed cross-motions for summary judgment, the court must consider each motion separately on its merits, since each party, as a movant for summary judgment, bears the burden to establish both the nonexistence of genuine issues of material fact and that party's entitlement to judgment as a matter of law. *Lansing Dairy v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994); *Markowitz v. Campbell* (*In re Markowitz*), 190 F.3d 455, 463 n.6 (6th Cir. 1999). The fact that both parties simultaneously argue that there are no genuine factual issues does not in itself establish that a trial is unnecessary, and the fact that one party has failed to sustain its burden under Rule 56 does not automatically entitle the opposing party to summary judgment. *See* 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure: Civil 3d* § 2720 (1998).

## II. Debtor's Motion for Summary Judgment

Debtor offers two arguments in support of her motion for summary judgment. First, she argues that the Trustee's failure to appear at the initial pre-trial conference constitutes a failure to prosecute that entitles her to summary judgment. The court notes that the procedural tool for dealing with a plaintiff's failure to prosecute is a motion to dismiss filed under Federal Rule of Civil Procedure 41(b), made applicable in this proceeding by Federal Rule of Bankruptcy Procedure 7041, rather than a motion for summary judgment. That rule provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Although a court has "substantial discretion" in deciding a motion to dismiss for failure to prosecute, *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008), the Sixth Circuit has instructed that such a

dismissal "is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff," *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005). "Contumacious" is defined as "'perverse in resisting authority'" and "'stubbornly disobedient.'" *Schafer*, 529 F.3d at 737 (quoting Webster's Third New Int'l Dictionary 497 (1986)).

In this case, there is no suggestion that the Trustee acted in bad faith in failing to appear at the initial pre-trial conference. Rather, his failure was simply due to a scheduling error. Such an error that has occurred only once in this proceeding does not rise to the level of contumacious conduct warranting dismissal of this adversary proceeding.

Debtor also argues that the cash value of her life insurance is exempt under Ohio Revised Code § 3911.10 and apparently contends that this fact defeats the Trustee's objection to her Chapter 7 discharge such that she is entitled to judgment as a matter of law. This argument is flawed in several respects.

First, although Debtor argues that the beneficiary of the policies is a person dependant upon her within the meaning of Ohio Revised Code § 3911.10 such that she is entitled to an exemption under that section,[2] she has offered no evidence in support of that argument. Second, § 522 of the Bankruptcy Code sets forth the manner in which exemptions must be claimed. "The debtor shall file *a list of property* that the debtor claims as exempt under subsection (b) of this section. . . . Unless a party in interest objects, the property claimed as exempt *on such list* is exempt." 11 U.S.C. § 522(l) (emphasis added). Rule 4003 of the Federal Rules of Bankruptcy Procedure directs the debtor to list exempt property on the schedule of assets required to be filed by Federal Rule of Bankruptcy Procedure 1007, which in turn requires the debtor to file a schedule of assets as prescribed by the appropriate Official Forms. *See* Fed. R. Bankr. P. 4003(a) and 1007(b)(1). Official Form 6 includes a Schedule C on which the debtor must claim property as exempt. *See Reilly*, 130 S. Ct. at 2660 (recognizing that "the list of property" to which § 522(l) refers is "currently known as 'Schedule C'"); *Olson v. Anderson (In re Anderson)*, 377 B.R. 865, 874 (B.A.P. 6th Cir. 2007) ("proposed exemptions must be listed on the debtor's Schedule C"); *In re Zaidi*, 293 B.R. 861, 862-63 (Bankr. E.D. Va. 2002) ("In order to claim an exemption in bankruptcy, the exemption must be scheduled

---

[2] Ohio Revised Code § 3911.10 provides in relevant part:

All contracts of life or endowment insurance . . . or any interest therein, which may hereafter mature and which have been taken out for the benefit of, or made payable by change of beneficiary, transfer, or assignment to, the spouse or children, or any persons dependent upon such person . . . shall be held, together with the proceeds or avails of such contracts, . . . free from all claims of the creditors of such insured person or annuitant.

4

on Schedule C of the debtor's schedules.").

In this case, Debtor has included as an asset on her bankruptcy Schedule B only the cash value of $1,000.00 in one life insurance policy and has claimed on Schedule C an exemption in those funds only under Ohio Revised Code 2329.66(A)(10)(b). To the extent that Debtor owns more than one policy and/or that the cash value of the policies exceed $1,000.00, even if she is entitled to exempt the entire cash value of the policies under Ohio Revised Code § 3911.10, until such exemption is properly claimed, Debtor has no basis for asserting a right to the additional funds. This requirement is more than a mere formality. It provides notice to all interested parties, including creditors, as to property interests in which the debtor is claiming an exemption. Rule 4003 specifies the time within which interested parties must object to the exemptions claimed on Schedule C. *Reilly*, 103 S. Ct. at 2661 n.6.

Finally, the basis for the Trustee's complaint to revoke Debtor's discharge is her alleged refusal to obey a lawful order of the court, namely, to turnover the non-exempt cash value of any life insurance policies owned by her. Debtor did not oppose the Trustee's motion for turnover and has not sought an order vacating the order for turnover. As the only exemption properly claimed by Debtor is her interest in $1,000.00 of the cash value of the whole life policy through American General Life, the court's order requires her to turn over any additional cash value held by her, regardless of whether or not she would be entitled to an exemption under § 3911.10 if it was properly claimed.

For the foregoing reasons, Debtor's motion for summary judgment will be denied.

## III. Trustee's Motion for Summary Judgment

As indicated above, the Trustee's complaint to revoke Debtor's discharge is based on her refusal to obey the court's order for turnover. Section 727(a)(6)(A) of the Bankruptcy Code provides that a debtor who "has refused . . . to obey any lawful order of the court, other than an order to respond to a material question or to testify" must be denied a Chapter 7 discharge. The word "refused" requires something more than a mere failure to comply with a court order. *Yoppolo v. Freeman (In re Freeman)*, 293 B.R. 413, 415 (Bankr. N.D. Ohio 2002). Courts have determined that the showing necessary to deny a debtor a discharge for refusing to obey an order is the same as that for determining whether to hold a party liable for civil contempt. *Id*.; *Hazlett v. Gorshe (In re Gorshe)*, 269 B.R. 744, 747 (Bankr. S.D. Ohio 2001); *United States v. Richardson (In re Richardson),* 85 B.R. 1008, 1011 (Bankr. W.D. Mo. 1988). In a civil contempt proceeding, three elements must be established by clear and convincing evidence: "(1) the alleged

5

contemnor had knowledge of the order which he is said to have violated; (2) the alleged contemnor did in fact violate the order; and (3) the order violated must have been specific and definite." *Hunter v. Magack (In re Magack)*, 247 B.R. 406, 410 (Bankr. N.D. Ohio 1999) (citing *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998)).

According to the Trustee, the allegations in his complaint, the court record in this proceeding and in the underlying Chapter 7 case, and the documents attached to his motion, support the granting of his motion for summary judgment. However, a party moving for summary judgment may not rely on the allegations in his complaint, *see Celotex Corp.*, 477 U.S. at 323, and Debtor has neither admitted nor denied any of the allegations in the complaint as she has not yet filed a proper answer.[3] While the court may take judicial notice of the contents of its docket in the underlying bankruptcy case, *see* Fed. R. Civ. P. 201(b)(2) & Fed. R. Bankr. P. 9017, for purposes of this motion, it shows only that the court ordered Debtor to turnover the cash value of any and all life insurance policies owned by her. Although not specifically stated in the order, the court interprets the order as requiring Debtor to turn over only the non-exempt cash value of the policies. Debtor's bankruptcy schedules show that she owns one life insurance policy with a cash value of $1,000.00, the entirety of which she claims as exempt on Schedule C. Thus, the court record does not support a finding that Debtor has refused to obey the court's order.

The Trustee also relies on unauthenticated documents attached to his motion as proof that Debtor owns more than one life insurance policy and that the policies have total cash values in excess of $1,000.00. However, the Sixth Circuit has stated that "documents submitted in support of a motion for summary judgment must satisfy the requirements of Rule 56(e); otherwise, they must be disregarded," *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir.1993), and that unauthenticated documents do not meet those requirements, *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. Aug. 14, 2009). In any event, the Trustee's affidavit is silent regarding, and he otherwise offers no evidence of, Debtor's "refusal" to turn over the non-exempt funds at issue. Having failed to meet his burden under Rule 56(e), the Trustee's motion will be denied.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Debtor's Motion for Summary Judgment [Doc. # 11] be, and hereby is, **DENIED**; and

---

[3] The court notes that the Trustee has nevertheless not moved for default judgment.

6

**IT IS FURTHER ORDERED** that the Trustee's Motion for Summary Judgment [Doc. # 12] be, and hereby is, **DENIED**.

A separate scheduling order will be entered by the court.